UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TINA WELCH | CIVIL ACTION |
| VERSUS | NO. 23-5836 |
| OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA | SECTION: D (1) |

### ORDER and REASONS

For the reasons stated below, the Court finds that it lacks subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, and the matter is therefore **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

### I.    FACTUAL AND PROCEDURAL HISTORY

On October 5, 2023, Occidental Fire & Casualty Company of North Carolina ("Occidental") filed a Notice of Removal, asserting that the Court has subject matter jurisdiction over Tina Welch's ("Plaintiff's") Hurricane Ida claims based upon 28 U.S.C. § 1332, diversity jurisdiction.[1] While the Notice of Removal adequately alleged the citizenship of the parties,[2] it failed to provide sufficient information to show that the amount in controversy was likely to exceed $75,000 in this case. Occidental asserted that the amount in controversy was facially apparent from the state court Petition[3] based on Plaintiff's allegations that her property sustained "significant damages" as a result of Hurricane Ida,[4] that Occidental's inspection of

---

[1] R. Doc. 1 at Introductory Paragraph.
[2] *Id.* at ¶¶ 4 & 5.
[3] *Id.* at p. 3, n.1.
[4] *Id.* at ¶ 9 (*quoting* R. Doc. 1-1 at ¶ 5).

the property failed to accurately account for the full extent of the damage to the property,[5] that Plaintiff was unable to make meaningful repairs due to Occidental's insufficient estimates,[6] that Plaintiff hired a building damage consultant who inspected the property and created an estimate that documented significantly more damages to the dwelling than the original estimate prepared by Occidental,[7] and that Plaintiff had incurred and will continue to incur additional loss of use expenses as a result of her damages.[8]

Those allegations, however, did not provide the Court with any information regarding the value of the damages sought by Plaintiff. Even though Plaintiff also seeks statutory damages and penalties under Louisiana law, it was unclear to the Court from the face of the Petition and the Notice of Removal whether the amount in controversy exceeded the jurisdictional threshold for diversity jurisdiction. As such, the Court issued an Order on October 10, 2023, giving Occidental seven days to file a comprehensive amended notice of removal, without further leave of Court, that properly set forth the citizenship particulars of the parties and alleged sufficient facts to show the amount in controversy was satisfied at the time of removal.[9]

On October 17, 2023, Occidental filed an Amended Notice of Removal pursuant to the Court's October 10, 2023 Order.[10] While the Amended Notice of Removal adequately alleged the citizenship of the parties,[11] it contained the same allegations

---

[5] R. Doc. 1 at ¶ 9 (*citing* R. Doc. 1-1 at ¶ 10).
[6] R. Doc. 1 at ¶ 9 (*citing* R. Doc. 1-1 at ¶ 11).
[7] R. Doc. 1 at ¶ 9 (*citing* R. Doc. 1-1 at ¶ 12).
[8] R. Doc. 1 at ¶ 9 (*citing* R. Doc. 1-1 at ¶ 24).
[9] R. Doc. 5.
[10] R. Doc. 8.
[11] *Id.* at ¶¶ 4-6.

regarding the amount in controversy that were in the original Notice of Removal and which the Court had already determined were insufficient.[12] Specifically, Occidental maintained that the amount in controversy was met "from the face of the Petition."[13] By not providing any additional information regarding Plaintiff's alleged damages, Occidental failed to comply with the Court's October 19, 2023 Order.

Occidental argued in its Amended Notice of Removal that the Court should focus on "***the categories or alleged injuries and damages as well as the tortious nature of the Plaintiff's claim***" in determining whether the amount in controversy was facially apparent from the state court pleading.[14] The case cited by Occidental to support this argument, however, is factually distinguishable from the facts of this case, as that case involved a plaintiff who sued an airline that had lost her heart medication, which allegedly caused her to experience heart failure.[15] The Fifth Circuit concluded that the district court in that case did not err in finding that the plaintiff's claims exceeded $75,000 based upon the face of the complaint, as the plaintiff had sought damages "for property, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization."[16] In contrast, the instant matter concerns unspecified property damages that resulted from Hurricane Ida.[17]

---

[12] *Compare* R. Doc. 8 at ¶¶ 7-12 *and* R. Doc. 1 at ¶¶ 7-12.
[13] R. Doc. 8 at p. 3, n.1.
[14] *Id.* at pp. 3-4 (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)) (emphasis in original).
[15] *Luckett*, 171 F.3d at 297.
[16] *Id.* at 298.
[17] *See*, R. Doc. 1-1 at ¶¶ 5-19 & 24-25.

3

Additionally, while Plaintiff has alleged that Hurricane Ida caused "significant damages" to her property [18] and she seeks several categories of damages, her allegations fail to show the amount in controversy in this case. Occidental noted in its Amended Notice of Removal that the Plaintiff's coverage limit for the property was $187,000, and Occidental seemed to recognize that it is the value of a claim, not the insurance policy limit, that determines the amount in controversy.[19] Nonetheless, Occidental further asserted that, "while *it remains unknown the alleged value that plaintiff is seeking in this case*, based upon the damages sought (further discussed in detail in the removal herein), and given the applicable policy limit of Coverage A, the threshold for diversity jurisdiction is met."[20]

As such, the Court issued another Order on October 19, 2023, striking the Amended Notice of Removal and giving Occidental seven days from the date of the Order to file a comprehensive amended notice of removal, without further leave of Court, that alleged <u>sufficient facts</u> to show the amount in controversy was satisfied at the time of removal, as required to establish that the Court has diversity jurisdiction over this case.[21] In doing so, the Court directed Occidental to additional jurisprudence from this Court indicating that the mere fact that the plaintiff's policy limits exceed the jurisdictional amount, without a claim that the plaintiff is entitled to the policy limits or that the plaintiff's property was totally destroyed, is not

---

[18] R. Doc. 1-1 at ¶¶ 5 & 19.
[19] R. Doc. 8 at p. 5, n.5 (citing authority).
[20] *Id.* (emphasis added).
[21] R. Doc. 10.

sufficient to satisfy a removing defendant's burden to set forth facts in controversy to support a finding by this Court that the plaintiff's claim exceeds $75,000.[22]

Pursuant to the Court's October 19th Order, Occidental filed a Second Amended Notice of Removal on October 26, 2023.[23] While the second Amended Notice of Removal adequately alleged the citizenship of the parties,[24] it contained the same allegations regarding the amount in controversy that were in the original Notice of Removal and the Amended Notice of Removal, which the Court previously determined were insufficient.[25] Occidental also again asserted that, "*while it remains unknown the alleged value that plaintiff is seeking in this case*, based on the damages sought (further discussed in detail in the removal herein), and given the applicable policy limit of Coverage A, the threshold for diversity jurisdiction is met."[26] By not providing any additional information regarding the value of Plaintiff's alleged damages, Occidental failed to comply with the Court's October 19, 2023 Order. As such, the Court issued a Show Cause Order on October 31, 2023, striking Occidental's Second Amended Notice of Removal and ordering Occidental to appear telephonically

---

[22] *See, Early v. Miss. Farm Bureau Cas. Ins. Co.*, Civ. A. No. 21-808, 2021 WL 1748357, at *4 (E.D. La. May 4, 2021) (Vitter, J.) (citing *M&M Mach. Shop, Inc. v. State Farm Fire & Cas. Co.*, Civ. A. No. 06-10450, 2007 WL 397236, at *2 (E.D. La. Feb. 1, 2007) (Feldman, J.); *Lottinger v. State Farm Fire and Cas. Co.*, Civ. A. No. 13-6193, 2014 WL 4403440, at * (E.D. La. Sept. 5, 2014) (Brown, J.)); *Davisson v. State Farm Mut. Auto. Ins. Co.*, Civ. A. No. 17-6189, 2017 WL 4402235, at *4-5 (E.D. La. Oct. 3, 2017) (Brown, J.) (citing *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002)); *Barnes v. Allstate Ins. Co.*, Civ. A. No. 07-7656, 2008 WL 108514, at *2 (E.D. La. Jan. 9, 2008) (Feldman, J.).
[23] R. Doc. 13.
[24] *Id.* at ¶¶ 4-5.
[25] *Compare* R. Doc. 13 at ¶¶ 7-12 *to* R. Doc. 8 at ¶¶ 7-12 *and* R. Doc. 1 at ¶¶ 7-12.
[26] R. Doc. 13 at p. 5, n.5 (emphasis added).

on November 8, 2023 and show cause why this matter should not be remanded to state court for lack of diversity jurisdiction under 28 U.S.C. § 1332.[27]

The Court held a Telephone Show Cause Hearing on November 13, 2023, during which the Court discussed with counsel the deficiencies in Occidental's amended pleadings.[28] The Court reiterated to Occidental's counsel that Occidental must allege facts or provide evidence to support its assertion that the amount in controversy was met at the time of removal. As a result of that discussion, the Court issued an oral Order giving both parties until Monday, November 20, 2023 to file supplemental memoranda addressing the amount in controversy in this case.[29]

On November 20, 2023, Occidental filed a Supplemental Memorandum in Support of Notice of Removal, in which Occidental maintains that, "It is apparent from the Plaintiff's Petition for Damages that there is diversity jurisdiction as the parties are diverse and the alleged amount of controversy exceeds $75,000."[30] Once again, Occidental relies upon the damages sought by Plaintiff in her state court Petition, and the fact that Plaintiff failed to allege that the amount in controversy is less than the amount required for federal diversity jurisdiction, as required by La. Code Civ. P. art. 893(A)(1).[31] Occidental also relies upon the same personal injury case, *Luckett v. Delta Airlines, Inc.*, to support its position that this Court should not require the removing defendant to calculate the damages sought by Plaintiff.[32]

---

[27] R. Doc. 14.
[28] R. Doc. 16.
[29] *Id.*
[30] R. Doc. 17 at p. 1.
[31] *Id.* at pp. 1-2 (citing *Clayton v. Am. Sec. Ins. Co.*, 466 F. Supp. 2d 720, 723 (M.D. La. 2006)).
[32] R. Doc. 17 at pp. 2-3 (citing *Luckett*, 171 F.3d 295, 298 (5th Cir. 1999)).

Occidental also asserts that based upon the mandatory language contained in Article 893, "Fifth Circuit courts have held that a plaintiff 'creates a strong presumption in favor of diversity jurisdiction' by failing to generally allege that his or her damages are insufficient for an exercise of such jurisdiction."[33] Occidental relies upon "all damages previously analyzed and discussed as indicated from the face of plaintiff's Petition as if copied herein *in extenso*," and emphasizes that Plaintiff is seeking statutory penalties under Louisiana law and that Plaintiff has a coverage limit of $187,000.[34] Occidental also relies upon the fact the Plaintiff has not stipulated that the amount of damages she seeks is less than $75,000 "as would be required under *Davis v. State Farm Fire & Casualty Company*, 06-0560, 2006 WL 1581272, at *3 (E.D. La. June 7, 2006)."[35] As such, Occidental argues that the jurisdictional limit is met and that this case should remain in federal court. Occidental also asserts that Plaintiff's counsel "consents to removal of the action."[36]

## II.   LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[37] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or

---

[33] R. Doc. 17 at p. 3 (citing *Bruce v. Fisher*, Civ. A. No. 06-0840, 2006 WL 2505908, at *1 (W.D. La. July 13, 2006); *Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 883 (5th Cir. 2000); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1423 (5th Cir. 1995); *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961); *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773-74 (5th Cir. 2003)).
[34] R. Doc. 17 at p. 3 (*citing* R. Doc. 17-1).
[35] R. Doc. 17 at p. 4.
[36] *Id.*
[37] 28 U.S.C. § 1441(a).

value of $75,000, exclusive of interest and costs."[38] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[39] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[40] The removing party has the burden of proving federal diversity jurisdiction.[41] Remand is proper if at any time the court lacks subject matter jurisdiction.[42]

In Louisiana courts, plaintiffs may not specify the numerical value of a claim for damages and may receive relief not requested in the pleadings.[43] As such, a defendant seeking removal from Louisiana state court to federal court must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[44] According to the Fifth Circuit, a defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000; or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.[45] If it is not "facially apparent" that a plaintiff's claims exceed the

---

[38] 28 U.S.C. § 1332(a)-(a)(1). There is no dispute that the amount in controversy requirement is satisfied in this case.
[39] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").
[40] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[41] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[42] *See* 28 U.S.C. § 1447(c).
[43] *Lottinger v. State Farm Fire and Cas. Co.*, Civ. A. No. 13-6193, 2014 WL 4403440, at *2 (E.D. La. Sept. 5, 2014) (*citing* La. Code Civ. P. arts. 893 & 862).
[44] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).
[45] *Luckett*, 171 F.3d at 298 (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)) (internal quotation marks omitted).

jurisdictional threshold, the court may rely on summary-judgment-type evidence to ascertain the amount in controversy.[46]

### III. ANALYSIS

Applying the foregoing principles, the Court finds that Occidental has failed to show by a preponderance of the evidence that Plaintiff's claims are likely to exceed $75,000. In fact, Occidental has failed to allege any facts or to provide summary judgment-type evidence showing that Plaintiff's claims are likely to exceed $75,000. Instead, Occidental continues to rely upon Fifth Circuit jurisprudence involving serious personal injuries wherein plaintiffs sought to recover damages for an emergency ambulance trip and a six-day stay in the hospital,[47] or for a permanent disability and disfigurement.[48] The Fifth Circuit in *Gebbia* reasoned that, "Such allegations support a substantially larger monetary basis to confer removal jurisdiction than the allegations reviewed in *Simon*," a case involving allegations of less severe personal injuries.[49] As this Court explained in its October 19, 2023 Order, those cases are clearly distinguishable from the facts of this case, where Plaintiff is only seeking property damages stemming from Hurricane Ida.[50]

To the extent Occidental relies on a magistrate judge's opinion from the Western District of Louisiana to assert that Plaintiff's failure to allege that her damages do not exceed $75,000 creates a strong presumption in favor of diversity

---

[46] *Lottinger*, Civ. A. No. 13-6193, 2014 WL 4403440 at *2 (quoting *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003)) (internal quotation marks omitted).
[47] *Luckett v. Delta Airlines,* 171 F.3d 295, 298 (5th Cir. 1999).
[48] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).
[49] *Id.* (citing *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999)).
[50] R. Doc. 10.

jurisdiction,[51] the Court rejects that argument. As an initial matter, this Court is not bound by that authority. In fact, no other district courts in this Circuit have applied a "strong presumption" in favor of diversity jurisdiction when a plaintiff failed to allege that her damages were less than $75,000, including other sections of the Western District of Louisiana.[52] Another Section of this Court has even criticized

---

[51] R. Doc. 17 at p. 3 (citing *Bruce v. Fisher*, Civ. A. No. 06-0840, 2006 WL 2505908, at *1 (W.D. La. July 13, 2006)).

[52] *See, Robertson v. Boyd*, Civ. A. No. 16-1547, 2016 WL 3086164, at *3 (E.D. La. June 2, 2016) (Brown, J.) ("In showing that the amount in controversy has been met, the burden is on the party asserting federal jurisdiction to set forth specific facts that prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."); *Jacobs v. Fred's Super Dollar Store*, Civ. A. No. 15-00234-BAJ-RLB, 2015 WL 4543060, at *4, n.1 (M.D. La. July 27, 2015) (Bourgeois, M.J.); *Dunomes v. Trinity Marine Products, Inc.*, Civ. A. No. 14-1968, 2014 WL 7240158, at *3 (E.D. La. Dec. 19, 2014) (Wilkinson, M.J.) ("[T]he cases that Trinity cites in support are factually distinguishable and the supposed 'strong presumption,' based on a plaintiff's failure to make a procedural statement under state law, is incorrect in light of established law regarding the limits on federal jurisdiction."); *Weber v. Stevenson*, Civ. A. No. 07-595-JJB-DLD, 2007 WL 4441261, at * (M.D. La. Dec. 14, 2007) (Brady, J.) ("The courts have long held that an allegation in the petition that the amount in controversy is not more than seventy-five thousand dollars ($75,000) is not determinative of the amount in controversy and does not bar removal. Likewise, the court is unwilling to hold that the *failure* to make such an allegation in the petition is determinative and permits removal. If the mere failure to make such an allegation established federal court jurisdiction, then every state court petition inadvertently or otherwise failing to allege that the amount in controversy did not exceed seventy-five thousand dollars ($75,000), would be immediately removable on the face of the petition, and thus would have to be removed within 30 days after service, or thereafter procedurally barred from removal. In the big picture, this interpretation would put an enormous burden on defendants to remove questionable cases immediately, and would inundate federal courts with lawsuits below the jurisdictional minimum, simply because of a procedural omission in state court."); *Lilly v. Big E Drilling Co.*, Civ. A. No. 07-1099, at *2 (W.D. La. Aug. 20, 2007) (Hornsby, M.J.) ("Defendant cites decisions from another division of this court to support that argument, but the undersigned agrees with the reasoning in *Berthelot v. Scottsdale Insurance Company*, 2007 WL 716126 (E.D. La. 2007) that mere silence in a petition can not create federal jurisdiction. If parties may not create subject matter jurisdiction by express agreement or stipulation, which is well settled, then the mere inaction of the plaintiff (though perhaps in contradiction of a state procedural law) can not give rise to presumptive federal jurisdiction or satisfy the removing defendant's burden."); *Mercadel v. Fidelity and Deposit Co. of Maryland*, Civ. A. No. 07-6514, 2008 WL 2436757, at *4 (E.D. La. June 13, 2008) (Lemelle, J.) ("The concept of a Plaintiff not asserting a specific dollar amount has not been decisively ruled, but more recent cases have been determined contrary to Defendant's allegation. This issue is ambiguous and therefore removal is precluded."). *See also, Borill v. Centennial Wireless, Inc.*, 872 F. Supp. 2d 522, 528-29 (W.D. La. 2012) ("Considering the allegations contained in the petition, a review of awards for similar injuries, plaintiffs refusal to stipulate the amount in controversy did not exceed $75,000, plaintiff's failure to include an allegation in the state court petition, pursuant to La. Code Civ. P. 893, that her damages are less than the amount required for federal jurisdiction, and plaintiff's failure to argue, in connection with the motion to remand, that the amount in controversy in this matter is less than the minimum federal jurisdictional threshold [], the Court finds defendant has borne its burden of establishing that

the use of such a presumption, explaining that, "in light of the requirement that this Court strictly construe the jurisdictional statutes and resolve ambiguities in favor of remand, the Court disagrees that the silence of the petition creates federal jurisdiction."[53] The Court further notes that none of the four Fifth Circuit opinions cited by Occidental in support of its argument address Article 893(A)(1).[54] Like our sister courts, this Court finds that the silence of the state court petition cannot create federal jurisdiction.

To the extent Occidental references Plaintiff's policy limit of $187,000 to argue that the amount in controversy is likely to exceed $75,000,[55] the Court rejects that argument. The Court has already directed Occidental to jurisprudence from this Court indicating that the mere fact that a plaintiff's policy limits exceed the jurisdictional amount, without a claim that the plaintiff is entitled to their policy limits or that the plaintiff's property was totally destroyed, is not sufficient to satisfy a removing defendant's burden to set forth facts in controversy to support a finding by this Court that the plaintiff's claim exceeds $75,000.[56] Plaintiff has not alleged in

---

the jurisdictional amount is present."); *Richardson v. State Farm Fire and Cas.*, Civ. A. No. 08-529-C, 2008 WL 5189963, at *4 (M.D. La. Dec. 9, 2003) (Tyson, C.J.) ("While the failure to include an Art. 893(A)(1) allegation in the state court petition is not, in and of itself, determinative of the amount in controversy, such failure is entitled to 'some consideration' in determining whether the jurisdictional minimum is satisfied.") (citing authority).

[53] *Berthelot v. Scottsdale Ins. Co.*, Civ. A. No. 06-9531, at *2 (E.D. La. Mar. 6, 2007) (Barbier, J.). Judge Barbier also noted that while the *Bruce* opinion cites *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 591, 82 L.Ed. 845 (1938) to support its application of a strong presumption in favor of diversity jurisdiction, "the Supreme Court refers to a 'strong presumption' when a case has been removed from state court that the parties have not colluded to claim a large amount to confer federal jurisdiction. That presumption does not seem to apply."). *Id.* at *2, n.1.

[54] R. Doc. 17 at p. 3 (citing *Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 883 (5th Cir. 2000); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1423 (5th Cir. 1995); *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961); *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773-74 (5th Cir. 2003)).

[55] R. Doc. 17 at pp. 3-4 (*citing* R. Doc. 17-1).

[56] R. Doc. 10 at p. 2 (citing authority).

11

her state court Petition that she is seeking her policy limit or the her property was completely destroyed.[57] To the extent Occidental asserts that Plaintiff's failure to stipulate that the amount of damages she seeks is less than $75,000 also shows that the amount in controversy is satisfied,[58] the Court likewise rejects that argument as baseless. This Court has held that a plaintiff's failure to stipulate that his damages do not exceed $75,000 does not relieve a defendant of its burden to produce information that the amount in controversy exceeds $75,000.[59]

It is well settled that Occidental, as the removing party seeking to invoke the Court's jurisdiction, bears the burden of proving by a preponderance of the evidence that jurisdiction exists in federal court.[60] The Fifth Circuit has made clear that removal "cannot be based simply upon conclusory allegations."[61] "There must be allegations of fact or other evidence in the record to support a determination of whether the amount in controversy is met. Mere silence or inaction by the plaintiff, without facts to suggest the requisite amount in controversy, cannot satisfy the defendant's burden."[62] While Plaintiff seeks several categories of damages in her Petition that could potentially bring the amount in controversy over $75,000, the Fifth Circuit has held that, "A 'could well' standard sounds more like a 'possibility'

---

[57] *See*, R. Doc. 1-1.
[58] R. Doc. 17 at p. 4.
[59] *Hill v. Alford*, Civ. A. No. 17-15737, 2018 WL 798243, at *4 (E.D. La. Feb. 9, 2018) (Brown, J.) (citing *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999)).
[60] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[61] *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003) (quoting *Allen*, 63 F.3d at 1335) (internal quotation marks omitted).
[62] *Hopkins v. Crown Associates, LLC*, Civ. A. No. 18-595-BAJ-EWD, 2018 WL 8496020, at *6 (M.D. La. Oct. 25, 2018) (quoting *Wright Family Investments, LLC v. Jordan Carriers, Inc.*, Civ. A. No. 12-826, 2012 WL 2457664, at *4 (W.D. La. June 25, 2012)) (internal quotation marks omitted).

standard of proof, rather than a 'more likely or not' standard."[63]  Based upon the information and evidence before the Court regarding the amount in controversy at the time of removal, the Court finds that Occident has failed to demonstrate by a preponderance of the evidence that Plaintiff's claims, if proven, would be worth an amount in excess of $75,000.

## IV.    CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that this matter is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

New Orleans, Louisiana, November 30, 2023.

**WENDY B. VITTER**
**United States District Judge**

---

[63] *Allen*, 63 F.3d at 1336.